# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Donna Smith-Abreu, | |
| Plaintiff, | Civil Action No.: 1:16-cv-2012 |
| v. | |
| IMC Credit Services, LLC; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY DEMAND** |
| Defendants. | |

For this Complaint, the Plaintiff, Donna Smith-Abreu, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Donna Smith-Abreu ("Plaintiff"), is an adult individual residing in Indianapolis, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant IMC Credit Services, LLC ("IMC"), is an Indiana business entity with an address of 6955 Hillsdale Court, Indianapolis, Indiana 46250, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by IMC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. IMC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation on several accounts (collectively referred to as the "Debt") to Community Health Network (the "Creditor") for medical bills.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to IMC for collection, or IMC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. IMC Engages in Harassment and Abusive Tactics**

12. In April 2016, IMC began calling Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Plaintiff advised IMC that the Debt was discharged in bankruptcy and was no longer valid. Plaintiff provided IMC with her bankruptcy attorney's name and contact information and demanded that IMC cease all calls to her.

14. Thereafter, IMC continued calling Plaintiff.

15. During a subsequent conversation, Plaintiff once again explained to IMC that the Debt had been discharged in bankruptcy and reiterated her demand for the calls to stop.

16. Despite having been so informed and instructed to cease communications, IMC continued calling Plaintiff, causing frustration and distress.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

3. Such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED ON ALL COUNTS

Dated: July 28, 2016

    Respectfully submitted,

    By /s/ Amy L. Cueller

    Amy L. Cueller, Esq., #15052-49
    The Cueller Law Office
    Inland Building
    156 E. Market Street, Suite 600
    Indianapolis, IN 46204
    Telephone (317) 225-4588
    Facsimile: (317) 245-0204

    Of Counsel to:
    LEMBERG LAW, L.L.C.
    43 Danbury Road, 3rd Floor

         Wilton, CT 06897
         Telephone: (203) 653-2250
         Facsimile: (203) 653-3424
         E-Mail: acueller@lemberglaw.com
         Attorneys for Plaintiff